Case 1:13-cv-03232-SLT-LB Document 7 Filed 07/16/13 Page 1 of 4 PageID #: 48

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ JUL 16 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

NOT FOR PUBLICATION

MIKHAIL YUSIM,

        Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY

        Defendant.
----------------------------------------------------------X

**MEMORANDUM and ORDER**

13-CV-3232 (SLT)

**TOWNES, United States District Judge:**

On June 4, 2013, Mikhail Yusim ("Plaintiff"), proceeding *pro se*, commenced this action against New York City Housing Authority (the "NYCHA") pursuant to the Fair Housing Act ("FHA"). Pursuant to the court's June 13, 2013 memorandum and order, Plaintiff, on June 24, 2013, filed an amended complaint. For the following reasons, the court dismisses Plaintiff's amended complaint.

## PROCEDURAL HISTORY

By memorandum and order dated June 13, 2013, the court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The court, however, dismissed the complaint because Plaintiff failed to state a cognizable claim. Plaintiff alleged that he was assigned an incorrect priority code that did not reflect his disability or homelessness. Plaintiff recognized that the NYCHA subsequently corrected the error, but complained that his application had not yet been acted upon and that he suffered various inconveniences associated with the delay. The court concluded that Plaintiff had provided no facts that showed that he suffered any discrimination pursuant to the FHA. Notwithstanding the court's dismissal of the complaint, it granted Plaintiff leave to file an amended complaint within 30 days. On June 24, 2013, Plaintiff filed his amended complaint.

## **THE AMENDED COMPLAINT**

In his amended complaint, Plaintiff reiterates many of the factual allegations in his original complaint, including that despite Plaintiff's application to the NYCHA, which indicated that he was homeless and receiving social security disability benefits, he was initially assigned an incorrect priority code that did not reflect these conditions. Plaintiff again acknowledges that the NYCHA, by letter dated February 27, 2013, informed him that his priority codes were corrected after he notified the authority of the error. (*See id.*; Amended Complaint Ex. 6.) Nevertheless, Plaintiff now maintains that the NYCHA "intentionally" assigned him the incorrect codes to delay consideration of his application. (Amended Complaint at 2.) He requests that this court "interfere and help with the process," and essentially seeks an order elevating the priority of his application and compelling the NYCHA to make a determination as to that application sooner rather than later. (Id. at 2.)

## **DISCUSSION**

### A.  **Standard of Review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the court is

2

obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009). Nonetheless, pursuant to the *in forma pauperis* statute, the complaint can be dismissed "at any time" if the Court determines that the action is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B. Fair Housing Act

To establish discrimination under the FHA, a plaintiff may proceed under three available theories: "(1) intentional discrimination (disparate treatment), (2) disparate impact; and (3) failure to make reasonable accommodation." *Tsombanidis v. West Haven Fire Dep't.*, 352 F.3d 565, 573 (2d Cir. 2003).

As indicated, Plaintiff, in his amended complaint, largely reiterates the facts set forth in his original complaint, and again vents his frustration at the length of time that he has been forced to wait for a decision on his application. However, as the court indicated in its previous memorandum and order, Plaintiff's desire to speed up the process of calling him for an interview is not a basis for an FHA claim. (*See* Document No. 5 (quotation marks omitted).) To be sure, Plaintiff now alleges that the NYCHA "intentionally" assigned him an incorrect priority status to delay consideration of his application. (Amended Complaint at 1-2.) In this regard, however, Plaintiff asserts only that he previously verbally complained to the NYCHA on behalf of his mother regarding a broken pipe in her apartment and that, "[g]iven the fact that the NYCHA was familiar with the situation they have decided that it was not wise to move me in, as it was assumed that I will keep complaining." (Amended Complaint at 2.) Such a bald assertion is

simply insufficient to nudge Plaintiff's claim of intentional discrimination under the FHA across the line from conceivable to plausible. *See Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009). In short, because Plaintiff's amended complaint does not cure the deficiencies noted by the court in its prior order and does not adduce any additional facts that may fairly be read to state a claim for discrimination under the FHA, dismissal is warranted.

## CONCLUSION

Accordingly, Plaintiff has failed to allege any facts that state a claim for discrimination under the FHA, and the amended complaint is hereby DISMISSED. The Clerk of Court is directed to enter judgment in favor of the NYCHA and to close this case. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall mail a copy of this order to Plaintiff and indicate the mailing on the electronic docket.

SO ORDERED.

Dated: July 15, 2013
Brooklyn, New York

/s/(SLT)

SANDRA L. TOWNES
United States District Judge